IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

STATE OF GEORGIA,

    Plaintiff,

v.

WASEEM DAKER,

    Defendant/Petitioner

CIVIL ACTION NO.: 6:18-cv-6

**O R D E R**

Presently before the Court is Defendant-Petitioner Waseem Daker's ("Daker") Motion to Vacate pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 22.) In his Motion, Daker requests the Court vacate its earlier judgment dismissing his Notice of Removal ("Notice") and remanding the action to the Superior Court of Tattnall County, (docs. 16, 17). (See Doc. 22.) For the reasons set forth below, the Court **DENIES** Daker's Motion.

On January 18, 2018, Daker filed a Notice of Removal seeking to remove his state court criminal proceedings in Tattnall County, Georgia, to this Court pursuant to 28 U.S.C. § 1443(1) and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), codified at 42 U.S.C. §§2000cc et seq.[1] (Doc. 1.) Daker then filed several other Motions, including a Motion for Law Library Access ("Library Motion"), (doc. 6). (See also docs. 7, 12.) On March 7, 2019, the Court

---

[1] In his Notice, Daker cited 28 U.S.C. § 1443 generally and also asserted 28 U.S.C. § 1446 as a basis for removal. (Doc. 1, p. 1.) As explained by the Court in its previous Order, these statutory provisions do not apply to Daker's case because "Section 1443(2) only permits removal by federal and state officers or agents, and, in some instances, individuals authorized to act with or for those officers," and Section 1446 "only applies to removal of civil cases." (Doc. 16, p. 6 n.5.)

denied his Notice, explaining that alleged RLUIPA violations cannot form the basis for removal under Section 1443(1), and remanded the proceedings to the Superior Court of Tattnall County. (Doc. 16.) It then denied the Library Motion as moot. (Id.) On March 8, 2019, the Court entered judgment and ordered the case closed.[2] (Doc. 17.) Daker filed the at-issue Motion to Vacate on April 24, 2019, forty-eight days later. (Doc. 22.) In his Motion, Daker alleges the Court erred by ruling on his Notice prior to addressing the Library Motion; he contends and that the Court must vacate its previous judgment and allow him to conduct legal research to "correct clear error and prevent manifest injustice." (Id. at pp. 1–2.) Daker argues this research may reveal new grounds for removal, thereby providing a basis for his case to remain in federal court. (Id.)

As an initial matter, Daker categorizes his Motion as one brought pursuant to Federal Rule of Civil Procedure 59(e). (Id. at p. 1). However, Rule 59(e) requires such motions to be filed within twenty-eight days of the entry of judgment; district courts must construe "untimely Rule 59(e) motion[s] . . . [as] Rule 60(b) motions to vacate the judgment." See Jones v. S. Pan Servs., 450 F. App'x 860, 862 (11th Cir. 2012) (per curiam) (citing Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003)). As Daker filed the at-issue Motion forty-eight days after the entry of judgment, it is untimely and the Court will consider his Motion under the standards of Rule 60(b). (See docs. 17, 22.) Rule 60(b) enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been

---

[2] The Court dismissed Daker's action without prejudice. (See Doc. 16.)

2

satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(1)–(5). Daker has not shown—and does not argue—that any of these provisions entitle him to relief.

Rule 60(b) also contains a "catchall" provision which authorizes relief based on "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and a party seeking relief must show that, absent such relief, extreme and unexpected hardship will result. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). Daker has not made this showing. To the extent his Motion can be construed to allege that he will suffer "extreme hardship" should the Court decline to revisit his removal petition after he has time to research—and assert—new legal theories, this argument fails as a matter of law. The Court remanded this action after finding that Daker's removal petition did not "demonstrate a proper basis for removal." (Doc. 16, p. 1.) Thus, even assuming Daker were to identify additional grounds not stated in his Notice, the Court's conclusion would remain the same. See Alabama v. Conley, 245 F.3d 1292, 1299 (11th Cir. 2001) (remand appropriate where removal petition failed to demonstrate proper basis). Moreover, "Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses"—precisely what Daker seeks to do. See Gonzales v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1291–92 (11th Cir. 2004). Daker may be unhappy with the Court's decisions to dismiss his Notice of Removal, but mere discontent is not a reason to disturb the Court's judgment.

In light of the foregoing, Daker has failed to demonstrate that any grounds to vacate its previous judgment exist and the Court therefore discerns no reason to reopen this case.

3

Accordingly, the Court **DENIES** Daker's Motion to Vacate, (doc. 22). The Court's March 7, 2019 Order remains the Order of the Court, and this case remains **CLOSED.**

**SO ORDERED**, this 10th day of January, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA